DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, which denied appellant Peggy H.'s motion for permanent custody, and granted permanent custody to Lucas County Children Services Board ("LCCSB"). Peggy H. is the maternal grandmother of Jessica H., born October 17, 1993, and Kenyetta H., born March 20, 1995.
On October 1, 1996, LCCSB filed a Complaint in Dependency and Neglect and Motion for Shelter Care Hearing. A shelter care hearing was held and temporary custody was granted to LCCSB on that same day. Visitation rights were awarded to the children's mother, Melissa H.
On November 5, 1996, LCCSB amended its complaint to request permanent custody of the children. On December 23, 1996, the adjudication and disposition hearing was held. Temporary custody was granted to LCCSB. The case plan was approved as amended to reflect the goal of reunification.
LCCSB filed a motion for permanent custody on August 6, 1997, and requested that the review hearing, scheduled for September 14, 1997, be vacated.
On November 21, 1997, appellant filed a pro se complaint for custody. Thereafter, on January 13, 1998, appellant's complaint was set for final disposition hearing to be held simultaneously with the hearing on LCCSB's motion for permanent custody.
The hearing commenced on January 27, 1998 and concluded on February 9, 1998. On March 11, 1998, LCCSB requested that the court reconsider its intent to place the children with the maternal grandparents based upon new evidence brought to the attention of the LCCSB.
An additional hearing was held on February 12, 1999. On February 26, 1999, the trial court filed its judgment entry which granted permanent custody to LCCSB. As to Melissa H., the court found that she failed to change the conditions which caused her to lose custody of her children. The court further found that the alleged fathers showed no interest in caring for the children. The court also denied appellant's motion.
Appellant, pro se, then timely filed the instant appeal. In her appeal, while not enumerated as assignments of error, appellant essentially argues: (1) the trial court's award of permanent custody to LCCSB is not supported by clear and convincing evidence and (2) that the trial court's delay in issuing its judgment entry was harmful to the children and prejudicial to appellant.
In her first assignment of error, appellant claims that, when rendering its decision, the trial court unfairly relied on the grandparents' past record of contacts with Maryland's child protection system involving their own children. Appellant further contends that there was never proof that their grandchildren were abused or neglected while in their care. While appellant argues that the evidence before the trial court was insufficient to deny her motion for permanent custody, she has failed to present this court with a transcript of the proceedings or provide a substitute, pursuant to App.R. 9(B)[1] to support her allegations. When an omitted transcript or portions of a transcript are necessary to review an assigned error, the reviewing court must presume the validity of the proceedings below and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. See In re Brandon H. (Aug. 21, 1998), Erie App. No. E-97-094, unreported.
Accordingly, while unfortunate, absent the transcript of the hearing, this court must presume that the trial court's findings are supported by clear and convincing evidence. Appellant's first assignment of error is not well-taken.
Appellant next argues, in her second assignment of error, that the one year period between the hearing and the trial court's judgment entry was "unjust and unfair to us and to our granddaughters" and that it had a negative effect on them.
It appears from the various reports filed by LCCSB and contained in the record that at the February 1998 hearing, the trial court provisionally awarded appellant custody of the children pending a favorable home study. In March 1998, LCCSB opposed awarding custody to the maternal grandparents, citing alleged past incidents of abuse involving their own children. It appears that the home study was completed (but it is unclear when) and on October 30, 1998, LCCSB requested that the court promptly resolve the matter for the benefit of the children.
Appellant states in her brief that at the February 1998 hearing the trial court ordered more than one home study, yet made its decision after the first one. Appellant further claims that the incorrect dates as to the home study were given at the hearing (presumably the February 1999 hearing) and that there was confusion as to the findings.
Again, absent the hearing transcripts pertaining to the matters asserted by appellant, we may only conclude that the proceedings, and the findings pursuant thereto, were made properly. Knapp, supra. Further, as to the delay in final judgment, as LCCSB states in its brief, the proper procedure would have been for either party to file a writ of procedendo with this court. In re Davis (1999), 84 Ohio St.3d 520, 523, citing favorably this court's decision in In re Fleming (1991), 76 Ohio App.3d 30,40-41 Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Mark L. Pietrykowski, J.
CONCUR.
[1] App.R. 9(B) requires that an appellant "order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *."